UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| RICKIE D. OTTINGER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No.: 1:15-cv-02080-SEB-DML |
| | ) |
| NANCY A. BERRYHILL,[1] Acting Commissioner of the Social Security, Administration, | ) ) ) |
| | ) |
| Defendant. | ) |

## Report and Recommendation on Complaint for Judicial Review

This matter was referred to the Magistrate Judge under 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b) for a report and recommendation as to its appropriate disposition. As addressed below, the Magistrate Judge recommends that the District Judge AFFIRM the decision of the Commissioner of the Social Security Administration that plaintiff Rickie D. Ottinger is not disabled.

## Introduction

Mr. Ottinger applied in April 2013 for Supplemental Security Income disability benefits (SSI) under Title XVI of the Social Security Act. Acting for the Commissioner of the Social Security Administration following a hearing held

---

[1] Nancy A. Berryhill is now the Acting Commissioner of the Social Security Administration. As provided by Fed. R. Civ. P. 25(d), she is substituted for Carolyn W. Colvin as the defendant.

September 4, 2014, administrative law judge James G. Myles issued a decision on September 8, 2014, finding that Mr. Ottinger is not disabled. The Appeals Council denied review of the ALJ's decision on October 29, 2015, rendering the ALJ's decision for the Commissioner final. Mr. Ottinger timely filed this civil action under 42 U.S.C. § 405(g) for review of the Commissioner's decision.

Mr. Ottinger contends the Commissioner's decision must be reversed and remanded on the ground the ALJ did not adequately evaluate his seizure disorder. As explained below, the court finds that the ALJ's decision is supported by substantial evidence and therefore should be affirmed.

## Standard for Proving Disability

To prove disability, a claimant must show he is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). Mr. Ottinger is disabled if his impairments are of such severity that he is not able to perform the work he previously engaged in and, if based on his age, education, and work experience, he cannot engage in any other kind of substantial gainful work that exists in significant numbers in the national economy. 42 U.S.C. § 1382c(3)(B). The Social Security Administration ("SSA") has implemented these statutory standards by, in part, prescribing a five-step sequential evaluation process for determining disability. 20 C.F.R. § 404.1520.

Step one asks if the claimant is currently engaged in substantial gainful activity; if he is, then he is not disabled. Step two asks whether the claimant's impairments, singly or in combination, are severe; if they are not, then he is not disabled. A severe impairment is one that "significantly limits [a claimant's] physical or mental ability to do basic work activities." 20 C.F.R. § 404.1520(c). The third step is an analysis of whether the claimant's impairments, either singly or in combination, meet or medically equal the criteria of any of the conditions in the Listing of Impairments, 20 C.F.R. Part 404, Subpart P, Appendix 1. The Listing of Impairments includes medical conditions defined by criteria that the SSA has pre-determined are disabling, so that if a claimant meets all of the criteria for a listed impairment or presents medical findings equal in severity to the criteria for the most similar listed impairment, then the claimant is presumptively disabled and qualifies for benefits. *Sims v. Barnhart,* 309 F.3d 424, 428 (7th Cir. 2002).

If the claimant's impairments do not satisfy a listing, then his residual functional capacity (RFC) is determined for purposes of steps four and five. RFC is a claimant's ability to do work on a regular and continuing basis despite his impairment-related physical and mental limitations. 20 C.F.R. § 404.1545. At the fourth step, if the claimant has the RFC to perform his past relevant work, then he is not disabled. The fifth step asks whether there is work in the relevant economy that the claimant can perform, based on his vocational profile (age, work experience, and education) and his RFC; if so, then he is not disabled.

The individual claiming disability bears the burden of proof at steps one through four. *Bowen v. Yuckert,* 482 U.S. 137, 146 n.5 (1987). If the claimant meets that burden, then the Commissioner has the burden at step five to show that work exists in significant numbers in the national economy that the claimant can perform, given his age, education, work experience, and functional capacity. 20 C.F.R. § 404.1560(c)(2); *Young v. Barnhart,* 362 F.3d 995, 1000 (7th Cir. 2004).

**Standard for Review of the ALJ's Decision**

Judicial review of the Commissioner's (or ALJ's) factual findings is deferential. A court must affirm if no error of law occurred and if the findings are supported by substantial evidence. *Dixon v. Massanari,* 270 F.3d 1171, 1176 (7th Cir. 2001). Substantial evidence means evidence that a reasonable person would accept as adequate to support a conclusion. *Id.* The standard demands more than a scintilla of evidentiary support, but does not demand a preponderance of the evidence. *Wood v. Thompson,* 246 F.3d 1026, 1029 (7th Cir. 2001).

The ALJ is required to articulate a minimal, but legitimate, justification for his decision to accept or reject specific evidence of a disability. *Scheck v. Barnhart,* 357 F.3d 697, 700 (7th Cir. 2004). The ALJ need not address every piece of evidence in his decision, but he cannot ignore a line of evidence that undermines the conclusions he made, and he must trace the path of his reasoning and connect the evidence to his findings and conclusions. *Arnett v. Astrue,* 676 F.3d 586, 592 (7th Cir. 2012); *Clifford v. Apfel,* 227 F.3d 863, 872 (7th Cir. 2000).

## Analysis

I.  **The ALJ's Sequential Findings**

Mr. Ottinger was born in February 1957 and was 56 years old at the time he applied for SSI disability benefits. His past work history included work as a groundskeeper and as a roofer.

At step one, the ALJ found that Mr. Ottinger had not engaged in substantial gainful activity since his alleged onset date, which coincided with his application date in April 2013. At step two, he identified seizure disorder as Mr. Ottinger's sole severe impairment. At step three, he found no listings were met. The ALJ next determined Mr. Ottinger's residual functional capacity, i.e., his maximum work capacity despite his impairments and their effect on his functioning. He concluded that Mr. Ottinger can perform work at all exertional levels, but must refrain from engaging in certain activities because of the possibility he could suffer a seizure at work: no climbing of ladders, ropes, and scaffolds; no work around heights or hazards; no commercial driving; and only occasional performance of balancing activities. (R. 16).

The ALJ decided Mr. Ottinger cannot perform his past relevant work as either a groundskeeper or roofer, but is capable of performing other work. The ALJ credited the testimony of a vocational expert who opined that the RFC was consistent with the following jobs that exist in substantial numbers in the national economy: cleaner, packager, and material clerk. Accordingly, the ALJ decided at step five that Mr. Ottinger is not disabled.

## II. Mr. Ottinger's Assertions of Error

Mr. Ottinger asserts two errors. First, he contends that the ALJ's step three analysis is not supported by substantial evidence because the ALJ did not identify an appropriate listing for seizures, and "acting without a medical advisor ignored or rejected the evidence proving his disability." Dkt. 16 at p. 6. Second, he contends the RFC is erroneous because it does not address the impact of his seizures. *Id.* at p. 9. The court addresses each argument in turn below.

### A. The ALJ's step three decision is supported by substantial evidence.

At step three, the ALJ stated that Mr. Ottinger's severe physical impairments "do not medically meet or equal the criteria for any listed impairments, but specifically those under: 13.09" (R. 16), and then added, "the medical evidence . . . do[es] not sufficiently document clinical findings of any physician that suggest the claimant's impairments" satisfy the requirements of any listing. *Id.* The ALJ then mentioned seizures specifically, and stated that while the "claimant has alleged limitation secondary to seizures, [a]s discussed above, the relevant listings are not met." (*Id.*)

As Mr. Ottinger complains, listing 13.09 has nothing to do with his impairments. That listing pertains to cancer of the thyroid gland. The ALJ's reference to 13.09 is an obvious typographical error. It is clear from the ALJ's decision as a whole that he recognized the applicability of the listings pertinent to seizures. His entire decision is focused on the medical evaluation and treatment of Mr. Ottinger's seizures, including evidence that Mr. Ottinger failed regularly to

6

take the medications prescribed for his seizures and, even when he professed to have taken the medications, blood work showed he did not have the therapeutic levels in his blood system consistent with having regularly taken his medication. The listings related to seizures, at 11.02 (generally grand mal seizures) and 11.03 (generally petit-mal seizures),[2] require that the claimant suffer from the impairment "despite the fact that the individual is following prescribed antiepileptic treatment." *See* Dkt. 19 at p. 7. The ALJ's discussion of Mr. Ottinger's failures regularly to take his antiepileptic medication directly relates to the seizure listings, and is additional evidence that the ALJ did not overlook the relevant seizure listings. Further, the ALJ's decision also states that he considered the medical opinions in the record. The only medical opinions are those provided by state agency doctors at the initial and reconsideration levels of administrative review. Those opinions, at R. 44 (initial) and R. 52 (reconsideration), opine that Mr. Ottinger does not meet or medically equal a listing, and that listing 11.03 (pertaining to petit-mal seizures, or "minor" motor seizures as described by the agency physician) was considered.

It is well established that the decisions of agency physicians that a listing is not met or medically equaled supplies substantial support for an ALJ's step three decision. *See Scheck v. Barnhart,* 357 F.3d 697, 700 (7th Cir. 2004) (the ALJ may

---

[2]   The court notes that the 11.00 series of the Listing of Impairments, describing neurological disorders, was substantially revised effective January 1, 2017. The 11.02 and 11.03 listings described in this order pertain to the criteria in effect at the time of the ALJ's decision in Mr. Ottinger's case, which are reprinted in the Commissioner's and plaintiff's briefs. *See* Dkt. 16 at p. 6 and Dkt. 19 at pp. 6-7.

7

rely on the opinions of state reviewing doctors regarding listings, and those opinions supply substantial evidence for an ALJ's finding that a listing was not met or equaled). *See also Knox v. Astrue,* 327 Fed. Appx. 652, 655 (7th Cir. June 19, 2009) (unpublished) ("Two state-agency physicians concluded that [the claimant's] impairments did not meet or medically equal a listing, and there was no medical opinion to the contrary. In light of the medical evidence, the ALJ's failure to refer to a specific listing at step three is not a ground for remand in this case.")

The ALJ's failure to specifically mention either listing 11.02 or 11.03 is not grounds for remand in this case where it is abundantly clear the ALJ focused on Mr. Ottinger's seizures, evaluated medical evidence pertinent to the seizure listings, and relied on medical opinions determining that a seizure listing was not met or medically equaled. The ALJ's step three decision is supported by substantial evidence.

### B. The RFC is supported by substantial evidence.

Mr. Ottinger's argument that the RFC is flawed is threadbare. He complains that the ALJ failed to account for the claimant's seizures, which could occur without warning. Dkt. 16 at p. 9. The argument ignores the ALJ's analysis. The ALJ's entire analysis considers the appropriate work limitations, in light of all the evidence, because of Mr. Ottinger's seizure disorder. The ALJ's decision explains in great detail why he found that despite the possibility Mr. Ottinger may have a seizure, that possibility does not eliminate his ability to work in a competitive environment. He emphasized evidence that Mr. Ottinger can control seizure

8

activity through proper attention to his prescribed medication regimen, that Mr. Ottinger actually engages in a range of activities, and that the state reviewing physicians opined about Mr. Ottinger's capacity to work so long as certain precautions are put in place in case a seizure occurs at work.  The ALJ included those precautions in the RFC.  Because the ALJ's RFC determination is supported by substantial evidence, the court must sustain it.

## Conclusion

For the foregoing reasons, the Magistrate Judge recommends that the District Judge AFFIRM the Commissioner's decision that Mr. Ottinger is not disabled.

Any objections to this Report and Recommendation must be filed in accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b).  The failure to file objections within fourteen days after service will constitute a waiver of subsequent review absent a showing of good cause for that failure.  Counsel should not anticipate any extension of this deadline or any other related briefing deadlines.

IT IS SO RECOMMENDED.

Dated:  February 2, 2017

Debra McVicker Lynch
United States Magistrate Judge
Southern District of Indiana

Distribution:
All ECF-registered counsel of record by email through the court's ECF system